■ REBECCA M. CHURCH, Appellant, v IAN R. McCABE, Respondent. [808 NYS2d 204]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered June 16, 2005, which, to the extent appealed from, denied plaintiff's motion for pendente lite maintenance and granted defendant's cross motion declaring the parties' separation agreement valid, unanimously affirmed, without costs.

Since neither party disputes that their separation agreement is in a format recognized under, and governed by, Hong Kong law, and that the wife's pendente lite application is governed by section 7 of the Hong Kong Matrimonial Proceedings and Property Ordinance and section 23 of the Matrimonial Causes Ordinance, the court properly analyzed the matter pursuant to *Edgar v Edgar* (3 All ER 887 [1980]), denying plaintiff's motion and upholding the agreement. The record reflects that plaintiff had ample opportunity to consider the impact of the agreement before she signed it. Indeed, plaintiff conceded that she made various revisions, and has not disputed that many of them were incorporated in the agreement. That defendant objected to certain suggestions she made does not constitute what the *Edgar* court called "[u]ndue pressure by one side [or] exploitation of a dominant position to secure an unreasonable advantage" (*id.* at 893). Nor can defendant's scheduling of the execution of the agreement during the last business hour before plaintiff returned to the United States be considered duress, particularly where plaintiff had two months to read the agreement and propose changes. Unlike in *Edgar*, plaintiff did not have counsel, but she never disputed that she had ample funds in the United States from which she could have paid her own Hong Kong counsel to represent her.

Plaintiff's claim that she did not know defendant's financial position and what she was accepting relative to the available income or capital is insufficient to show that justice requires that plaintiff be relieved from the terms of the agreement. In seeking pendente lite maintenance, plaintiff elaborated on the lifestyle the parties had in Hong Kong, i.e., when they lived in a five-bedroom, four-bath apartment with a live-in maid and the fact that they had "traveled extensively." Plaintiff was certainly intelligent enough to differentiate between that and her current lifestyle in a studio with no air conditioning, and thus had a sound understanding of defendant's finances.

Moreover, plaintiff has failed to demonstrate the requisite drastic and unforeseen change in circumstances, as there is no indication of any such change since she began living under the terms of the agreement. That her maintenance ran out was neither unforeseen nor drastic, as she agreed to that in the agreement.

We have reviewed plaintiff's remaining contentions and find them without merit. Concur—Tom, J.P., Marlow, Williams, Sweeny and Malone, JJ.